```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

        FEB 02 2026
         AT SEATTLE
    CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY
```

The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER JOHNSON,<br><br>Defendant. | NO. CR24-138 LK<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Charles Neil Floyd and Assistant United States Attorneys Todd Greenberg and Brian Wynne of the Western District of Washington, and Defendant Christopher Johnson and Johnson's attorneys Rachel Forde and Jacqueline Walsh, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

   a. *Racketeering*, as charged in Count 1, in violation of Title 18, United States Code, Section 1962(c) and 1963.

Plea Agreement - 1
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    b. *Conspiracy to Commit RICO*, as charged in Count 2, in violation of Title 18, United States Code, Section 1962(d) and 1963.

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

The elements of *Racketeering*, as charged in Count 1, in violation of Title 18, United States Code, Section 1962(c) and 1963, are as follows:

    a. Existence of an enterprise as that term is defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact;

    b. The enterprise engaged in, or its activities affected, interstate or foreign commerce;

    c. The defendant was associated with the enterprise;

    d. The defendant conducted or participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and

    e. The defendant participated in the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1959(b)(1), namely, *inter alia*, acts involving conspiracy, robbery, kidnapping, and murder.[1]

---

[1] Under Washington State law, a person is guilty of robbery in the first degree if: "(a) In the commission of a robbery or of immediate flight therefrom, he or she: (i) Is armed with a deadly weapon; or (ii) Displays what appears to be a firearm or other deadly weapon; or (iii) Inflicts bodily injury; …" RCW 9A.56.200.

Under Washington State law, a person is guilty of kidnapping in the first degree if: "he or she intentionally abducts another person with intent: …(b) To facilitate commission of any felony or flight thereafter; …" RCW 9A.40.020.

Under Washington State law, a person is guilty of murder in the first degree when: "… He or she commits or attempts to commit the crime of either (1) robbery in the first or second degree, … (3) burglary in the first degree, … or (5) kidnapping in the first or second degree, and in the course of or in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants.…" RCW 9A.32.030.

Plea Agreement - 2
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The elements of *Conspiracy to Commit RICO*, as charged in Count 2, in violation of Title 18, United States Code, Section 1962(d) and 1963, are as follows:

   a. Existence of an enterprise as described in Count 1;

   b. That the enterprise was engaged in, or its activities affected interstate or foreign commerce; and

   c. The defendant knowingly agreed that a conspirator, which may include the Defendant, would commit a violation of 18 U.S.C. Section 1962(c) (that is, the crime set forth in Count 1).

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

   a. For the offense of *Racketeering*, as charged in Count 1, in violation of Title 18, United States Code, Section 1962(c) and 1963: A maximum term of imprisonment of up to Life, a fine of up to $250,000, a period of supervision following release from prison of up to 5 years, and a mandatory special assessment of $100 dollars.

   b. For the offense of *Conspiracy to Commit RICO*, as charged in Count 2, in violation of Title 18, United States Code, Section 1962(d) and 1963: A maximum term of imprisonment of up to Life, a fine of up to $250,000, a period of supervision following release from prison of up to 5 years, and a mandatory special assessment of $100 dollars.

Defendant further understands that, in order to invoke the statutory maximum sentence for the offense charged in Count 2, the United States must prove beyond a reasonable doubt that in the course and furtherance of the crime of *Conspiracy to Commit RICO*, the Defendant aided and abetted others in causing the death of a person who was not a participant in the Crime charged in Count 2. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of these pleas of guilty that he aided and abetted others in causing the death of a person who was not a participant in the crime charged in Count 2.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and

Plea Agreement - 3
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

 a. The right to plead not guilty and to persist in a plea of not guilty;
 b. The right to a speedy and public trial before a jury of Defendant's peers;
 c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;
 d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;
 e. The right to confront and cross-examine witnesses against Defendant at trial;

Plea Agreement - 4
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

5. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

Plea Agreement - 5
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.  **Statement of Facts.** Defendant Christopher Johnson admits he is guilty of the charged offenses. The parties agree on the following facts:

   a. The Defendant admits that from at least March 1, 2022, through the date of his arrest, he was a member and associate of an ongoing criminal organization (the "Enterprise"), as defined by Title 18, United States Code, Section 1961(4), that engaged in acts of robbery, kidnapping and murder. Defendant admits that he knowingly and intentionally conducted and participated in the conduct and affairs of the Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Section 1959(b)(1), consisting of the racketeering acts set forth in paragraphs 7(b) through 7(r) below. The Defendant further admits that he knowingly and intentionally did combine, conspire, confederate and agree with others to conduct and participate directly and indirectly in the affairs of the Enterprise through a pattern of racketeering activity, as set forth in paragraphs 7(b) through 7(r) below. The Defendant admits that he personally obtained proceeds from his participation in the conduct and affairs of the Enterprise

   b. The Enterprise primarily operated in the Western District of Washington. The Enterprise utilized a common modus operandi during a series of home-invasion robberies. The Enterprise usually, but not always, targeted residences where they believed marijuana was being grown or processed. Enterprise members conducted their robberies late at night and in the early morning hours, when they knew or had reason to believe victims would be present in the targeted residences. There were always at least three, and sometimes more, Enterprise members present during the robberies. Enterprise members wore dark clothing, masks, and gloves to conceal their identities and to leave limited trace evidence. Enterprise members were always armed with firearms during the robberies. Enterprise members forced entry into the residence, usually by kicking in an entry door. Enterprise members often falsely announced themselves as police. Once Enterprise members made entry into a residence, they restrained the victims with zip ties.

**Racketeering Act 1 (Robbery of D.N., H.T., L.T., and A.T.)**
**Racketeering Act 2 (Kidnapping of A.T.)**
**Mount Vernon PD Incident No. 22-M09692**

   c. On May 24, 2022, shortly before midnight, the Defendant and three other members of the Enterprise, all of whom were masked and carrying guns, kicked in the front door of the home of a residence in Skagit County, Washington, as the victims slept. The Enterprise members corralled the victims into the living room, forcing the family onto their

Plea Agreement - 6
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

knees. One of the Enterprise members held the victim father (H.T.) at gunpoint while another Enterprise member zip-tied the four victims, including the mother (D.N.), a 12-year-old girl (L.T.), and a 9-year-old boy (A.T.). As one suspect watched over the family, the others ransacked the home. During the robbery, Enterprise members abducted the zip-tied 9-year-old from the house at gunpoint. Enterprise members held the boy under restraint while one of them searched the family car. During this event, Enterprise members stole personal property, including identity documents, approximately $3,000 in cash, jewelry, and credit cards.

d. During this event, the Defendant admits he knowingly, intentionally and unlawfully took personal property from the person of another and in the presences of said persons (D.N., H.T., L.T. and A.T.), against their will and by the use and threatened use of immediate force, violence, and fear of injury to said persons. The Defendant admits that during this event he was armed with a deadly weapon (a firearm) and displayed what appeared to be a firearm. These acts constituted the crime of Robbery in the First Degree with a Firearm, as defined by the Revised Code of Washington.

e. During this event, the Defendant admits he knowingly, intentionally and unlawfully aided and abetted others who intentionally abducted A.T., a minor child, with the intent to facilitate the commission of a felony, to wit, the robbery of D.N., H.T., L.T. and A.T. These acts constituted the crime of Kidnapping, as defined by the Revised Code of Washington.

**Uncharged Event (Attempted Burglary of an Occupied Residence)
Mercer Island PD Incident No. 22-4016**

f. On May 24, 2022, after leaving the scene of RICO Acts 1 and 2, the Enterprise members dove to a residence in King County, Washington. At around 2:00 a.m. the Defendant and other members of the Enterprise, all of whom were masked and carrying guns, attempted to break into the occupied residence. There were three victims inside the residence, one of who confronted the intruders. An Enterprise member announced they were "police." An Enterprise member shot at, but did not hit, this individual. Enterprise members then fled the scene. The Defendant admits he was present during this event.

Plea Agreement - 7
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Uncharged Event (Burglary of an Unoccupied Residence)**
**Kent PD Incident No. 22-7057**

g. On May 27, 2022, at around 8:00 a.m. the Defendant and other members of the Enterprise, all of whom were masked and carrying guns, broke into an unoccupied residence in King County Washington. This was the same residence that Enterprise members subsequently broke into on July 28, 2022 (RICO Acts 4 & 5). Enterprise members stole a luxury bag collection, a diamond ring, a high-end Sony camera, identity documents, cash, and a Lexus ES sedan.

**Uncharged Event (Attempted Burglary of an Occupied Residence)**
**Kent PD Incident No. 22-8159**

h. On June 19, 2022, at around 2:00 a.m., the Defendant and other members of the Enterprise, all of whom were masked and carrying guns, attempted to kick in a door of an occupied residence located in King County, Washington. Several adult and child victims were inside the residence. One of the residents armed himself and fired several shots at Enterprise members as they were outside the residence. Enterprise members then fled the scene.

**Racketeering Act 3 (Robbery of K.M. and F.P.-D.)**
**King County Sherriff Incident No. C22-23145**

o. On July 14, 2022, at around 3:00 a.m., the Defendant and other members of the Enterprise, all of whom were masked and carrying guns, burst through the back door of a residence located in King County, Washington. The two victims (K.M. and F.P.-D) were asleep at the time. The male victim (K.M.) retrieved a handgun and confronted the intruders but set the gun down when the Enterprise members announced they were "police." Enterprise members beat the male victim (K.M.), pulled the naked female victim (F.P.-D) from her bed, zip-tied both of them, and held them at gunpoint while they ransacked the residence. Finding little of value, Enterprise members stole two vehicles belonging to the victims: a Porsche and a BMW. Subsequently, they lit the BMW on fire, burning it to ashes.

j. During this event, the Defendant admits he knowingly, intentionally and unlawfully took personal property from the person of another and in the presences of said persons (K.M. and F.P.-D.), against their will and by the use and threatened use of immediate force, violence, and fear of injury to said persons. The Defendant admits that during this event he was armed with a deadly weapon (a firearm) and displayed what appeared to be a firearm. These acts constituted the crime of Robbery in

Plea Agreement - 8
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the First Degree with a Firearm, as defined by the Revised Code of Washington.

**Racketeering Act 4 (Robbery of Q.L)**
**Racketeering Act 5 (Kidnapping of Q.L.)**
**Kent PD Incident No. 22-9940**

k. On July 28, 2022, in the early morning hours, the Defendant and three other members of the Enterprise, all of whom were masked and carrying guns, entered the home in King County, Washington. The female victim (Q.L.) was alone in the house and asleep. The assailants zip-tied Q.L., threatened to kill her family, and demanded money from her bank accounts. Enterprise members forced Q.L. to access her Bank of America account and transfer $8,000 to her checking account. Enterprise member then attempted to transfer $2,500 from Q.L.'s bank account to a Zelle account, but this transfer was denied by the bank. Enterprise members, including the Defendant, then abducted Q.L. at gunpoint, drove her to two ATMs and tried to extract cash from her bank accounts. After several hours, Q.L was returned to her home. During this event, Enterprise members stole Q.L.'s Louis Vuitton wallet, a necklace with pendant, her wedding band, her identification card, and her ATM card. Later that day, the Defendant used one of the victim's stolen credit cards to purchase new tires from a Ford dealership in Bellevue.

l. During this event, the Defendant admits he knowingly, intentionally and unlawfully took personal property from the person of another and in the presences of said person (Q.L.), against her will and by the use and threatened use of immediate force, violence, and fear of injury to said persons. The Defendant admits that during this event he was armed with a deadly weapon (a firearm) and displayed what appeared to be a firearm. These acts constituted the crime of Robbery in the First Degree with a Firearm, as defined by the Revised Code of Washington.

m. During this event, the Defendant admits he knowingly, intentionally and unlawfully abducted Q.L., with the intent to facilitate the commission of a felony, to wit, the robbery of Q.L. These acts constituted the crime of Kidnapping, as defined by the Revised Code of Washington.

**Uncharged Event (Robbery and Kidnapping)**
**Kent PD Incident No. 22-10651**

n. On August 12, at around 5:45 a.m. the Defendant and other members of the Enterprise, all of whom were masked and carrying guns, broke into an occupied residence in King County Washington. At gunpoint, they zip-tied the hands of the two residents (C.P. and S.M.) and locked them

Plea Agreement - 9
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in a closet. Enterprise members stole the victim's wallets, credit cards, identity documents, cash, and a Toyota Matrix.

### Racketeering Act 6 (Robbery of M.S. and G.S.)
### Racketeering Act 7 (Murder of Irah Marcello Sok)
### Snohomish County Sherriff Incident No. S022-116633

o. On August 19, 2022, during the early morning hours, the Defendant and two other members of the Enterprise, all of whom were masked and carrying guns, kicked in the front door of a residence in Snohomish County, Washington. Inside the residence, in an upstairs bedroom, were Irah Marcello Sok, her husband (M.S.) and 7-year-old child (G.S.). The Enterprise members rushed up the stairs of the home and burst into a bedroom. One of the Enterprise members shot Irah Sok twice in the head, while her son slept a few feet away. Enterprise members then zip-tied M.S., forced him at gunpoint to show them around the house, and demanded he help them find Irah Sok's luxury bag and purse collection. The Enterprise members stole more than a dozen of these purses (valued at $116,616), carrying them away from the residence in a blanket also stolen from the house.

p. During this event, the Defendant admits he knowingly, intentionally and unlawfully took personal property from the person of another and in the presences of said person (M.S.), against his will and by the use and threatened use of immediate force, violence, and fear of injury to said person. The Defendant admits that during this event he was armed with a deadly weapon (a firearm) and displayed what appeared to be a firearm. These acts constituted the crime of Robbery in the First Degree with a Firearm, as defined by the Revised Code of Washington.

q. During this event, the Defendant admits in the course and furtherance of the crime of Robbery in the First Degree, to wit the robbery of M.S., he aided and abetted others, in the course and furtherance of the robbery, in causing the death of Irah Marcello Sok, who was not a participant in the crime. These acts constituted the crime of Murder, as defined by the Revised Code of Washington.

### Interstate Commerce

r. Defendant admits that the activities of the Enterprise affected interstate commerce, including but not limited to: searching for victims using the victims' social media accounts, such as Instagram, which operated in interstate commerce (Act 6); renting vehicles from businesses operating in interstate commerce and using at least one of these vehicles in a Racketeering Act (Act 1); attempting to compel kidnapping victim to transfer money from her bank ATM to an account controlled by an

Plea Agreement - 10
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Enterprise member (Act 4); transferring money from victim's bank account to a Venmo account controlled by the Defendant (Act 4); using a robbery victim's solen credit card to purchase items from a business (Ford of Bellevue) operating in interstate commerce (Act 4), and stealing a luxury handbag collection purchased and ultimately intended for resale in interstate commerce (Act 6).

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

8. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. **Agreed Sentence Pursuant to Rule 11(c)(1)(C).** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence to be imposed by the Court at the time of sentencing is as follows:

   a. A term of imprisonment of twenty-five years (300 months).

   b. That the term of imprisonment imposed by the Court run concurrently with the term of imprisonment imposed under Snohomish County Incident No. 022-1-16633.[2]

---

[2] Under Snohomish County Incident No. 22-1-16633, the Defendant has agreed to plead guilty to Murder in the Second Degree, with a joint recommendation by the parties for a sentence of imprisonment of 25 years. This charge relates to the murder of Irah Sok as described in Racketeering Act 6 (paragraph 7, above). The United States, the

Plea Agreement - 11
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  c. That the term of imprisonment imposed by the Court run concurrently with term of imprisonment imposed under Snohomish County Incident No. 22-1-01229-31.[3]

If the sentencing Court rejects the agreement of the parties regarding the appropriate sentence, both Defendant and the United States reserve the right to withdraw from this Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made regarding the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion regarding the imposition of a term of supervised release, the conditions of supervised release, fines, forfeiture, or restitution as may be applicable. Except as specified above, Defendant understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.

10. **Agreement Regarding Entry of Guilty Plea in State Court.** The parties understand and agree that after Defendant enters the guilty pleas in the instant case, the Snohomish County Prosecuting Attorney's Office will obtain a writ to transport him into the custody of the Snohomish County Jail, and Defendant will thereafter enter a guilty plea in the related case of *State v. Johnson*, Cause Number 25-1-00829-31, in Snohomish County Superior Court. After Defendant is sentenced in the state case, he will be returned to federal custody and thereafter will be sentenced in the instant case.

11. **Recommendation Regarding Serving Sentence.** The parties agree to jointly request that the Court make a recommendation to the Bureau of Prisons that Defendant serve the sentence within the Washington State Department of Corrections. Defendant understands that this recommendation is not binding on the Court, and the Court may reject this recommendation of the parties. Defendant further understands that

---

Snohomish County Prosecutor's Office, and the Defendant have agreed that the defendant shall be transported to Snohomish County for a plea and sentencing hearing under 22-1-16633 prior to sentencing in the federal case.

[3] Under Snohomish Superior Court number 22-1-01229-31, the defendant is currently serving a 67-month sentence.

Plea Agreement - 12
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

he cannot withdraw the guilty pleas simply because the Court rejects this recommendation or if the Bureau of Prisons does not follow the recommendation.

12. **Non-Prosecution of Certain State Cases.** As further part of the resolution of this matter, if the Defendant recommends a sentence as set forth above, the Skagit County Prosecuting Attorney's Office has agreed not to pursue prosecution of the Defendant for any criminal activity set forth in the Mount Vernon Police Department Report dated May 24, 2022, concerning the events that form the basis of RICO Acts 1 and 2 in the federal indictment.

As further part of the resolution of this matter, if the Defendant recommends a sentence as set forth above, the King County Prosecuting Attorney's Office has agreed not to pursue prosecution of the Defendant for any criminal activity related to the following incident numbers: King County Sherriff's Office Incident C22-23145, Kent Police Department Incidents 22-7057, 22-8159, 22-9298, 229940, and 22-10651, and Mercer Island Incident Report 22-4016.

These no-prosecution agreements are not binding on any other Prosecuting Attorneys Offices. These no-prosecution agreements are not binding on any event stemming from an incident number not set forth above.

13. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty pleas to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be

Plea Agreement - 13
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

responsible for any order by the District Court requiring the payment of restitution for such losses.

    a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

    b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

Plea Agreement - 14
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

14. **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that Defendant acquired or maintained as a result of the *Racketeering* and *Conspiracy to Commit RICO* offenses to which Defendant is pleading guilty; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which Defendant established, operated, or participated in the conduct of in the course of Defendant's participation in these offenses; and any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, from these offenses. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 1963 and includes, but is not limited to a sum of money reflecting such property.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist anyone else who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any

Plea Agreement - 15
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

interest or control, if said assets constitute or are derived from proceeds of the *Racketeering* and *Conspiracy to Commit RICO* offenses to which Defendant is pleading guilty, or consist of any interest Defendant acquired or maintained as a result of those offenses, or consist of any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which Defendant established, operated, or participated in during those offenses.

15. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Plea Agreement - 16
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. This includes, without limitation, any constitutional challenge to the Defendant's conviction. Defendant further agrees that, provided the Court imposes the custodial sentence specified in paragraph 9, Defendant waives to the full extent of the law

Plea Agreement - 17
*United States v. Christopher Johnson*, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes, without limitation, any challenge to any aspect of the sentence and sentencing proceeding, including any statutory or constitutional challenge to how the sentence was imposed.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

Plea Agreement - 18
United States v. Christopher Johnson, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

21. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2 day of February, 2026.

_____
CHRISTOPHER JOHNSON
Defendant

_____
RACHEL FORDE
JACQUELINE WALSH
Attorneys for Defendant

_____
TODD GREENBERG
BRIAN WYNNE
Assistant United States Attorneys

Plea Agreement - 19
United States v. Christopher Johnson, CR24-138 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970